**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CEMENT MASONS LOCAL 527, KURT | ) | |
| DIERKES, JOSEPH KNOTT, JIM RENICK, | ) | |
| BRAD CAMPBELL, JEREMY BENNETT, | ) | |
| LEONARD EHLMANN, WILLIAM | ) | |
| KROEGER, ANGIE LOVATTO, and | ) | |
| ST. LOUIS CONSTRUCTION TRAINING | ) | No. 4:18-CV-632 CAS |
| AND ADVANCEMENT FOUNDATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| S & C CONCRETE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFAULT JUDGMENT**

This matter is before the Court on plaintiffs' Motion For Default Judgment. Plaintiffs

brought this action against S & C Concrete, LLC, under Section 301 of the Labor Management

Relations Act of 1947, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, §1145, seeking a judgment

against S & C Concrete, LLC, for delinquent contributions, interest, attorney's fees and costs

pursuant to the Collective Bargaining Agreement ("CBA") between Cement Masons Local 527

("Union") and S & C Concrete, LLC.

Defendant S & C Concrete, LLC, was served with copies of the Summons and Complaint

on May 3, 2018. Defendant did not file an answer or otherwise respond to the Complaint. On July

13, 2018, the Clerk of Court entered default against defendant S & C Concrete, LLC, pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure. Thereafter, plaintiffs moved, pursuant to Fed.

R. Civ. P. 55(b)(2), for an order compelling defendant to submit to an audit, which the Court

granted. Presently before the Court is plaintiffs' motion for entry of default judgment, with a memorandum in support and supporting affidavits.

## *I. Discussion*

Default judgments are not favored in the law, <u>United States ex rel. Time Equipment Rental and Sales, Inc. v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. <u>See</u> <u>Taylor v. City of Ballwin, Mo.</u>, 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" <u>Comiskey v. JFTJ Corp.</u>, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. <u>Oberstar v. F.D.I.C.</u>, 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." <u>Taylor</u>, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 55.31[1] (3d ed. 2008); <u>Taylor</u>, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 <u>Moore's Federal Practice</u> § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." <u>Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.</u>, 370 F.3d 715, 722 (8th Cir. 2004) (citing <u>Taylor</u>,

859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).  If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

Here, the Court takes the allegations plaintiffs made in their complaint as true, except for those allegations as to the amount of damages.  The Cement Masons Local 527 Pension Fund ("Pension Fund"), the Cement Masons Local 527 Trust Fund ("Welfare Fund"), the Cement Masons Local 527 Vacation Fund ("Vacation Fund") and the St. Louis Construction Training and Advancement Foundation (collectively referred to as "the Funds") are employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). Plaintiffs Kurt Dierkes, Joseph Knott, Jim Renick, Brad Campbell, Jeremy Bennett, Leonard Ehlmann, William Kroeger and Angie Lovatto constitute the Board of Trustees of the Funds and are the Plan Sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to the Funds.

Defendant S & C Concrete, LLC is a Missouri limited liability company. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial

3

district.  Defendant was signatory to and bound by the CBA with Cement Masons Local 527.  Under the terms of the CBA, defendant was obligated to make monthly reports on all covered employees in its employ showing the number of hours worked by each employee, to contribute on a monthly basis to the Funds at the rates specified in the CBA and to remit dues to the Union. The Funds and the Board of Trustees of the Funds are third-party beneficiaries of the CBA.  Defendant breached the CBA by refusing to make the required payments and dues remissions.

Plaintiffs engaged an accounting firm to examine defendant's payroll records.  The audit revealed defendant was delinquent in its contributions to the Funds in the amount of Fifty-Five Thousand, Two Hundred Seventy-Seven Dollars and Twelve Cents ($55,277.12) for the period from February 1, 2015, through August 31, 2018.

Under the facts as alleged in the complaint, the Court finds plaintiffs are entitled to default judgment against S & C Concrete, LLC, under ERISA.  Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch, 757 F.2d 184 (8th Cir. 1985); Landy Packing Co. v. Meatcutters, 471 F.Supp. 1218 (D.Minn. 1979), aff'd., 627 F.2d 881 (8th Cir. 1980).

## II.  Damages and Fees

Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (a) the unpaid contributions; (b) interest on the unpaid contributions (c) an amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2).

4

In their motion for default judgment, plaintiffs seek: Fifty-Five Thousand, Two Hundred Seventy-Seven Dollars and Twelve Cents ($55,277.12) for contributions due; Two Thousand, Three Hundred Seventy-Eight Dollars and Ninety-Eight Cents ($2,378.98) for interest; and Six Thousand Five Dollars and Forty-One Cents ($6,005.41) for liquidated damages; and One Thousand Four Hundred Forty-Seven Dollars and Ninety-Nine Cents ($1,447.99) in liquidated damages on contributions defendant paid late for the months of March, April and May 2018 after the Complaint was filed, for a total of Sixty-Five Thousand, One Hundred Nine Dollars and Fifty Cents ($65,109.50). Plaintiffs filed affidavits and exhibits in support of their damages requests. The Court has reviewed the affidavits and exhibits and finds they support plaintiffs' claim for damages. 29 U.S.C. § 1132(g)(2).

Plaintiffs are also entitled to their attorney's fees and costs. § 1132(g)(2). Plaintiffs have provided documentation to show that they incurred Six Hundred Sixteen Dollars ($616.00) for attorney's fees, Five Hundred Thirty-Five Dollars and Sixty-Eight ($535.68) for court costs, and One Thousand Six Hundred Fifty Dollars and Twenty-Five Cents ($1,650.25) in accounting fees and costs, for a total of Two Thousand Eight Hundred One Dollars and Ninety-Three Cents ($2,801.93). Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorney were reasonable and necessary to the litigation of this case, that the rates charged and the amount sought for attorney's fees are reasonable. The Court also finds plaintiffs are entitled to their costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED.** [Doc. 5].

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiffs and against defendant S & C Concrete, LLC, in the amount of Fifty-Five Thousand, Two Hundred Seventy-Seven Dollars and Twelve Cents ($55,277.12) for contributions

due; Two Thousand, Three Hundred Seventy-Eight Dollars and Ninety-Eight Cents ($2,378.98) for interest; and Seven Thousand Four Hundred Fifty-Three Dollars and Forty Cents ($7,453.40) for liquidated damages; Six Hundred Sixteen Dollars ($616.00) for attorney's fees, Five Hundred Thirty-Five Dollars and Sixty-Eight ($535.68) for court costs, and One Thousand Six Hundred Fifty Dollars and Twenty-Five Cents ($1,650.25) in accounting fees and costs, for a total default judgment of Sixty-Seven Thousand, Nine Hundred Eleven Dollars and Forty-Three Cents ($67,911.43), together with post judgment interest as allowed by law.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _____17th_____ day of December, 2018.